# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN W. FERRON,

    Plaintiff,

v.

411 WEB DIRECTORY, et al.,

    Defendants.

Case No. 2:09-cv-153
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the motion of Defendant 411 Web Directory ("Defendant") to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(2), and 23 U.S.C. § 1404(a) (Doc. # 9), Plaintiff John W. Ferron's ("Plaintiff") memorandum in opposition to the motion to dismiss (Doc. # 16), and the reply to Plaintiff's memorandum in opposition to Defendant's motion to dismiss (Doc. # 18). For the reasons that follow, the Court finds Defendant's motion not well taken.

### I. Background

Plaintiff maintains an internet e-mail address, from which he regularly and routinely opens, reads, and saves e-mail messages in Franklin County, Ohio. (Doc. # 3.) Plaintiff alleges that between May 6, 2008, and August 25, 2008, Defendant and National Programming Service, LLC ("NPS") together transmitted 168 e-mail messages to Plaintiff's e-mail address. (*Id.*) Plaintiff further avers that each of the 168 e-mail messages advertises the availability of the "Dish Network" satellite television products and services to consumers. (*Id.*) Plaintiff maintains that each e-mail is a "consumer transaction" as defined in Ohio Revised Code Section

1

1345.01(A), which states that "a consumer transaction is defined as a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise or an intangible to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code § 1345.01(A).

On December 11, 2008, Plaintiff filed his first amended complaint in the Franklin County Court of Common Pleas, alleging that Defendant and NPS together sent 168 commercial e-mail advertisements to Plaintiff, each of which violates the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code § 1345.01, *et seq*. (Doc. # 3.) On February 27, 2009, NPS filed a notice of removal, removing the case to this Court. (Doc. # 1.) NPS filed its answer on March 6, 2009. (Doc. # 7.) On April 3, 2009, Defendant filed its motion to dismiss pursuant Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or in the alternative, transfer of venue pursuant 23 U.S.C. § 1404(a), and pursuant Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant asserts that Plaintiff's first amended complaint should be dismissed as to Defendant. (Doc. #9.) This Court will review each request in turn.

## II. Discussion

### A. Personal Jurisdiction

#### 1. Standard Applicable to Personal Jurisdiction

Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over it. In considering a properly supported motion to dismiss for lack of personal jurisdiction, a district court has discretion to decide the motion upon the affidavits alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n*., 875 F.2d 1212, 1214 (6th Cir. 1989)).

Neither party has requested further discovery or an evidentiary hearing, Defendant has submitted an affidavit in support of its positions. This Court finds that an evidentiary hearing is not necessary in the instant action.

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). However, where a Rule 12(b)(2) motion is decided solely on written submissions and affidavits, as here, the plaintiff's burden is relatively slight. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). The plaintiff need only make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal. *Theunissen*, 935 F.2d at 1458. Indeed, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the court should not weigh the controverting assertions of the party seeking dismissal. *Id*. at 1459. This rule is in place because the United States Court of Appeals for the Sixth Circuit has stated that it "wants to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id*. Furthermore, personal jurisdiction is an essential element of the jurisdiction of a district court, "without which the court is 'powerless to proceed to an adjudication.' " *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citations omitted).

**2. Analysis of Personal Jurisdiction**

Personal jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to a defendant's contacts with

the forum. *Estate of Thomson*, 545 F.3d at 361 (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)). In the case at bar, Defendant contends that it is not subject to personal jurisdiction pursuant to Ohio's long-arm statute. (Doc. # 16, at 8.) This Court does not agree.

"A Federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant." *Theunissen*, 935 F.2d at 1459 (citing *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980); *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972)). However, constitutional concerns of due process limit the application of this law. *Id.* (citing *Welsh*, 631 F.2d at 439). The Sixth Circuit has "recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits." *Calphalon Corp.*, 228 F.3d at 721 (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christiansen*, 70 Ohio. St 232, 236, 638 N.E.2d 541, 544 (Ohio 1994) (per curiam)). "Accordingly, when Ohio's long-arm statute is the basis for personal jurisdiction, the personal jurisdiction analysis requires separate discussions of whether a defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met." *Estate of Thomson*, 545 F.3d at 361 (citing *Walker v. Concoby*, 79 F. Supp. 2d 827, 831 (N.D. Ohio 1999)).

**a. Ohio's long-arm statute**

The pertinent Ohio long-arm statute is set forth in Ohio Revised Code § 2307.382. Defendant argues that its conduct does not satisfy Section (A)(1), "transacting any business in the state," or Section (A)(4), "causing tortious injury in this state by act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct

4

or derives substantial revenue from goods used or consumed or services rendered in this state" or Section (A)(6), "causing tortious injury in this state to any person by an act outside this state committed with purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." (Doc. # 18.) This Court concludes that Defendant is amenable to suit under Sections (A)(4) and/or (A)(6).

### i. Transacting any business in Ohio

Ohio Revised Code § 2307.382(A)(1) provides for personal jurisdiction over a person who transacts any business in Ohio. According to the Ohio Supreme Court, the "transacting any business" basis for extending jurisdiction set forth in Ohio Revised Code § 2307.382(A)(1), "is very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 77, 559, N.E.2d 477, 481 (1990). Plaintiff contends that Defendant transacted business in Ohio by soliciting business within the meaning of Section 2307.382(A)(1) through its e-mails to Plaintiff. However, mere solicitation of business does not constitute transacting business in Ohio for purposes of establishing jurisdiction under Section 2307.382(A)(1). *See U.S. Sprint Comm. Co., Ltd. P'ship v. Mr. K's Food, Inc.*, 68 Ohio St.3d 181, 185, 624 N.E.2d 1048, 1052 (1994) (holding that mere solicitation of business does not constitute transacting business in Ohio). Because Defendant has no contacts with the state of Ohio beyond solicitation of business by e-mails, this alone is insufficient to establish personal jurisdiction over Defendant via Ohio's long-arm statute. *See id.*

### ii. Causing Tortious Injury

Defendant next argues that it is not subject to personal jurisdiction via Ohio's long-arm statute because it did not send the e-mail advertisements. In opposition, Plaintiff avers that

Defendant's e-mails caused tortious injury in the state of Ohio. Plaintiff relies on *Ferron v. Echostar Satellite LLC,* where Defendant was also a party and allegedly sent more than fifty deceptive e-mails to the plaintiff. In that case, United States District Judge Michael Watson held that "violations of the CSPA gives rise to tortious injury. . . [i]n addition, the Court concludes that sending more than fifty e-mails constitutes a persistent course of conduct for purposes of Ohio Rev. Code § 2307.382(A)(4)." *Ferron v. Echostar Satellite LLC,* No. 2:06-cv-00453, slip op. at 4-5 (S.D. Ohio Sept. 24, 2008). Similarly, Plaintiff's claims are predicated upon Defendant's alleged transmittal of 168 e-mail advertisements. In *Echostar Satellite,* Judge Watson went on to hold that "viewing plaintiff's allegations in the most favorable light, Web 411 might reasonably have expected that some person would be injured in Ohio by the allegedly deceptive claims . . . [f]or the above reasons, the Court finds plaintiff has established long-arm jurisdiction under Ohio Rev. Code §2703.382(A)(4) and (6)." *Id*.

In the instant matter, like in *Echostar Satellite*, Defendant ought to have reasonably expected that some person would be injured in Ohio by the allegedly deceptive claims. By its persistent course of conduct, long-arm jurisdiction is established under Ohio law. *See id*.

**b. Constitutional Due Process**

As to the due process inquiry for specific jurisdiction, the Sixth Circuit has established a three-prong test for determining whether such jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state of causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon Corp.*, 228 F.3d at 721 (citing *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d

374, 381 (6th Cir. 1968)). Defendant has met all three prongs of this test.

### i. Purposeful Availment

The purposeful availment prong of the *Southern Machine* test is essential to a finding of personal jurisdiction. As the "constitutional touchstone" of personal jurisdiction, purposeful availment exists where a defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (quoting *World-Wide Wolkswagen v. Woodson*, 444 U.S. 286, 295 (1980)). In order to meet the purposeful availment prong, the Court must examine whether Defendant should have reasonably anticipated being haled into court in Ohio. Plaintiff avers that Defendant transmitted 168 commercial e-mail messages to Plaintiff's e-mail address over the course of several months. (Doc. # 16.) A number of courts, including this Court, have found that sending numerous e-mails to a recipient in a forum state satisfies the purposeful availment requirement. *See, e.g., Verizon Online Serv., Inc. v. Rawlski,* 203 F. Supp. 2d 601, 611-20 (E.D. Va. 2002); *Internet Doorway, Inc. v. Parks,* 138 F. Supp. 2d 773, 779-80 (S.D. Miss. 2001).

As explained by United States District Judge Edmund A. Sargus Jr. in *Ferron v. E360Insight LLC*,

> the argument that e-mailers have not purposefully availed themselves of the privilege of conducting affairs in the forum state fails because it ignores the essential nature of spamming and other intentional torts committed via computers and the harm these torts cause . . . [p]ersons committing such torts via the computer and Internet who know, or reasonably should know, that servers are either targets of their conduct or the means by which their tortious conduct is given effect. Therefore, courts recognize that a spammer may not escape jurisdiction by simply pleading ignorance as to where these servers were physically located, nor by pleading ignorance of the e-mail recipient's location.

*Ferron v. E360Insight, LLC*, No. 2:07-CV-1193, 2008 WL 4411516, at *2-3 (S.D. Ohio Sept. 29,

7

2008) (citing *Aitken v. Communications Workers of America*, 496 F. Supp. 2d 653, 659-60 (E.D. Va. 2007)). Likewise, Defendant here allegedly sent deceptive e-mail advertisements to Plaintiff in Ohio through his internet service providers, which were also located in Ohio. Under these circumstances, Defendant knew or reasonably should have known that its e-mails would reach individuals located in Ohio through servers located in Ohio. It is therefore reasonable to conclude that Defendant purposefully availed itself of the privilege of conducting activities in Ohio. Under such circumstances, the Court finds it was reasonably foreseeable that Defendant would be haled into court in Ohio.

### ii. Arising from

Under the second *Southern Machine* prong, the claim for relief must arise out of Defendant's activities in the forum. *Southern Mach.*, 401 F.2 at 381. A claim for relief can be of whatever type, as long as it has "a substantial connection with the defendant's in-state activities." *Id*. at 384 n.27. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract." *Id*. at 384 n.29 (citations omitted). The Sixth Circuit has also stated that a "lenient standard . . . applies when evaluating the arising from criterion." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002).

In the instant case, Plaintiff alleges that Defendant's contacts arise from transmitting 168 commercial e-mail messages to Plaintiff's e-mail address. Plaintiff alleges that the contents of the 168 e-mails, each of which touts the "Dish Network" satellite television products and services, violate the CSPA because they deceptively advertise so-called "free" consumer goods and services, without disclosing all of the terms and conditions consumers must meet in order to retain the "free" items, as Ohio law requires. (Doc. # 3.) Applying the lenient standard as

articulated in *Bird*, the Court finds that the alleged activities of Defendant give rise to the claim for relief, and thus, the "arising from" requirement is met.

### iii. Reasonableness

Defendant disputes the reasonableness of exerting personal jurisdiction over it. (Doc. # 9.) The Court must consider the reasonableness of asserting personal jurisdiction over Defendant in light of the third prong under the *Southern Machine* due process test.

With regard to the third prong, the Sixth Circuit has instructed that "when the first two prongs are met, a presumption arises that the exercise of jurisdiction would be reasonable under the third prong." *Scotts Co. v. Aventis S.A.*, 145 F. App'x. 109, 115 (6th Cir. 2005). "Further, it cannot be disputed that Ohio has an interest in resolving a suit brought by one of its residents against defendants that purposefully availed themselves by acting in and causing consequences in Ohio." *Id*. A suit cannot be maintained where jurisdiction offends "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316-17 (1948). Once it has been decided that a defendant has purposefully established minimum contacts with the forum state, the contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *Burger King*, 471 U.S. at 476.

When considering personal jurisdiction, the Court must take into account the necessity of "modern commercial life," along with communication that reaches across state lines. *See id*. In circumstances similar to the case *sub judice*, other courts have extended *Burger King*'s "modern commercial life" expansion of personal jurisdiction to cover transmission of e-mail and use of the internet. *See, e.g., Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 511 (D.C. Cir. 2002) (noting that "Cyberspace is not some mystical incantation capable of warding off the jurisdiction

of courts built from bricks and mortar"). Plaintiff avers that Defendant transmitted the 168 e-mails in question. This Court finds that Plaintiff has established a prima facie case of personal jurisdiction over Defendant. *See id.* Consequently, the Court will not address Defendant's motion to transfer venue under 23 U.S.C. § 1404(a).

### B. Failure to state a claim

#### 1. Standard Applicable to a 12(b)(6) motion

Defendant next moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), which requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant relief. (Doc. #10.) Under the United States Supreme Court's recent articulation of the analytic standard involved in applying this rule, this Court must construe the amended complaint in favor of Plaintiff, accept the factual allegations contained in the amended complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 571; *Ass'n. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

#### 2. Analysis

Defendant argues that it is entitled to dismissal because it is excepted from the CSPA as a "publisher." The CSPA sets forth that "[n]o supplier shall commit an unfair or deceptive act or

practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after this transaction." Ohio Rev. Code § 1345.02(A). Defendant points to Section 1345.12 to claim exception. Section 1345.12 states in pertinent part that the CSPA does not apply to "a publisher, broadcaster, printer, or other person engaged in the dissemination of information or the reproduction of printed or pictorial matter insofar as the information or matter has been disseminated or reproduced on behalf of others without knowledge that it violated sections 1345.01 to 1345.13 of the Revised Code." Ohio Rev. Code § 1345.12. Defendant supported its motion to dismiss by submitting the affidavit of Tobin Pociask, Vice President of 411 Web Directory, who clarified the role of Defendant as "publisher." (Doc. # 10.) By doing so, Defendant raises an affirmative defense asserting that it is exempt as a "publisher."

However, where "an affirmative defense is raised in a motion to dismiss, the test is whether the complaint includes allegations of fact that effectively vitiate the ability to recover." *Basile v. Merrilll Lynch*, 551 F. Supp. 580, 591 (S.D. Ohio 1982). A 12(b) motion to dismiss based upon an affirmative defense can be granted only where the defense appears clearly on the face of the complaint. *Id*. Thus, it is inappropriate for the Court to consider the affidavit of Tobin Pociask at this juncture. In deciding whether to grant Defendant's 12(b) motion to dismiss, the Court must look to the face of the complaint.

As presented to the Court, Plaintiff's complaint avers that between May 6, 2008, and August 25, 2008, Defendant did knowingly, intentionally, and purposely transmit 168 e-mail messages to Plaintiff's e-mail address. (Doc. # 3.) Plaintiff further alleges that each of the 168 e-mail messages advertised the availability of the "Dish Network" satellite television products

and services to consumers, thus constituting a "consumer transaction" as defined by Ohio Revised Code § 1345.01(A). (Doc. # 3.) On the face of Plaintiff's complaint, no allegations are made that Defendant is a "publisher," and therefore Plaintiff's complaint does not give rise to Defendant's assertion that it is an exempt "publisher" of the e-mails under Ohio Revised Code § 1345.12(B). *See Basile*, 551 F. Supp. at 591.

"It is well-settled that the court has the discretion to decide whether or not to exclude extraneous evidence and if the material is excluded to dispose of the motion under the standards of the 12(b(6) dismissal." *Basile*, 551 F. Supp. at 591. It has yet to be determined whether the assertions made in the affidavit of Tobin Pociask are true or not, and the Court cannot prematurely rule on the factual basis of such assertions at this juncture. Therefore, the Court will not consider the affidavit of Tobin Pociask at this time and will dispose of the motion by the standards for a 12(b)(6) dismissal. In doing so, the Court will not grant Defendant's motion to dismiss on a disbelief of Plaintiff's factual allegations. *See Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

### III. Conclusion

For the reasons set forth above, the Court and **DENIES** Defendant's motion to dismiss. (Doc. # 9.)

**IT IS SO ORDERED.**

                                         s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE