IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John W. Ferron,                  :

    Plaintiff,               :

  v.                            :   Case No. 2:09-cv-153

                                         :   JUDGE FROST
411 Web Directory, et al.,

    Defendants.              :

ORDER

This case is before the Court to consider plaintiff John W. Ferron's motion to compel defendant National Programming Service, LLC to answer one of its written interrogatories. For the following reasons, the motion will be denied without prejudice.

I. Background

This case involves Mr. Ferron's claim that two of the defendants, 411 Web Directory and National Programming Service, LLC, sent a large number of commercial email advertisements to one of his email addresses. He asserts that each advertisement failed to comply with provisions of the Ohio Consumer Sales Practices Act.

Mr. Ferron has served written discovery. One of his interrogatories, Interrogatory No. 4, reads as follows:

> **Interrogatory No. 4:** Please identify all customer leads provided to NPS by 411 Web Directory between January 1, 2008 and the present where the customer lead pertains to an individual who NPS reasonably believes resides in Ohio.

NPS objected generally to this interrogatory, but also refused to respond on grounds that the interrogatory is "vague, ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence."

According to Mr. Ferron, this interrogatory calls for the production of relevant evidence because NPS has denied that it is a "supplier" as that term is defined in the Ohio Consumer Sales Practices Act. NPS has denied this allegation. Mr. Ferron asserts that any company which either solicits Ohio customers or makes sales to them is a supplier, and he needs to know if NPS has done that. The Court notes that NPS has moved for summary judgment in this case, but its motion is premised on other grounds.

NPS argues, in response, that it has already produced this information as it relates to Mr. Ferron. It correctly concludes that Interrogatory No. 4 asks for similar information about other Ohio residents. It claims that this request is grossly overbroad because of the amount of information that is requested concerning these other persons, and that such information is irrelevant to the issue of whether it is a "supplier" under the CSPA. According to NPS, the issue here is not whether it is a supplier generally (it appears to concede in its memorandum that it is) but whether it was a supplier as to the specific transactions for which Mr. Ferron has sued. Because it has produced all of the information in its possession on that issue, it asserts that any other discovery about its supplier status is simply irrelevant. Mr. Ferron's reply strongly disputes that NPS has made any concession about being a supplier with respect to other Ohio consumers, noting that he made this allegation in his complaint and NPS specifically denied it. Consequently, he argues that he still needs this information in order to be able to prove this element of his CSPA claim.

## II. Analysis

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil

Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D.Ohio 1980). Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. See Herbert v. Lando, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the

amount in controversy, and the parties' resources.  See
Fed.R.Civ.P. 26(b)(2).  Finally, the Court notes that the scope
of permissible discovery which can be conducted without leave of
court has been narrowed somewhat by the December 1, 2000
amendments to the Federal Rules.  Rule 26(b) now permits
discovery to be had without leave of court if that discovery "is
relevant to the claim or defense of any party ...."  Upon a
showing of good cause, however, the Court may permit broader
discovery of matters "relevant to the subject matter involved in
the action."   Id.

     There are really three interrelated questions posed by the
motion to compel.  First, is the information about whether NPS
has been a CPSA "supplier" vis-a-vis other Ohio consumers
relevant to Mr. Ferron's CSPA claim, or is the question solely
whether NPS acted in that capacity when it dealt with him?
Second, is the interrogatory posed by Mr. Ferron overbroad, and
could any legitimate discovery purpose he may have be served by a
narrower response than the interrogatory calls for?  Third, can
this entire dispute be obviated if NPS were willing to amend its
answer and stipulate that it is, or has been, a "supplier" to
other Ohioans, but that it denies it was so with respect to the
claims alleged in the complaint?

     The Court easily answers the second question.  The
interrogatory does seek far more information than necessary even
if Mr. Ferron's relevance argument is correct.  As far as the
first question goes, it need not be answered if NPS will do
formally what its responsive memorandum suggests it may be
willing to do, which is to concede that it has from time to time
performed the actions of a supplier when it dealt with Ohio
consumers - just not when it dealt with Mr. Ferron.
Consequently, the Court will deny the motion without prejudice to
its renewal if NPS and Mr. Ferron cannot satisfactorily work out

the terms of a stipulation on this issue.

The Court notes, parenthetically, that there does appear to be some logic to NPS' position that the only relevant question here is whether it was a supplier vis-a-vis Mr. Ferron; as one Ohio court has described the essence of a CPSA claim based on something other than a consummated sale, "[a] solicitation to sell goods or services ... may be sufficient to give rise to liability even in the absence of an actual sale if a deceptive act is committed *in connection with that solicitation*." Weaver v. J.C. Penney Co., 53 Ohio App. 3d 165, 168-69 (Cuyahoga Co. App. 1977) (emphasis supplied). Further, Mr. Ferron's memoranda do not cite any cases holding that if a person or corporation is a CSPA "supplier" with respect to at least one consumer transaction involving an Ohio resident, it can be held liable under the CSPA to any other Ohio consumer with whom it does business even if it is not a "supplier" with respect to that transaction. Nevertheless, the Court is always conscious of the desirability of avoiding unnecessary decisions on issues of state law, and the approach suggested here will serve that goal.

### III. Disposition and Order

For the foregoing reasons, the motion to compel discovery (#54) is denied without prejudice to its renewal should the parties be unable, within twenty-eight days, to agree on a stipulation or procedure concerning whether NPS has acted as a CPSA "supplier" with respect to one or more Ohio residents and in transactions other than the ones identified by Mr. Ferron's pleadings filed in this case.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge