IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON

        Plaintiff,                        CASE NO. 2:09-cv-153
                                              JUDGE GREGORY L. FROST
        v.                                   Magistrate Judge Terence P. Kemp

411 WEB DIRECTORY, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of: (1) Defendant Dish Network LLC's Motion to Dismiss Plaintiff John W. Ferron's Second Amended Complaint ("Dish Network's Motion to Dismiss") (Doc. # 38), Plaintiff's Memorandum in Opposition to Defendant Dish Network's Motion to Dismiss (Doc. # 52), and the Reply Memorandum in Support of Dish Network's Motion to Dismiss (Doc. # 53); (2) Defendant National Programming Service, LLC's ("NPS") Motion for Summary Judgment ("NPS's Motion for Summary Judgment") (Doc. # 61), Plaintiff's Memorandum in Opposition to Defendant NPS's Motion for Summary Judgment (Doc. # 73), and the Reply Memorandum in Support of Defendant NPS's Motion for Summary Judgment (Doc. # 84); (3) Defendant 411 Web Directory's Motion for Summary Judgment Against Plaintiff John W. Ferron ("411 Web Directory's Motion for Summary Judgment") (Doc. # 69) and Plaintiff's Memorandum in Opposition to Defendant 411 Web Directory's Motion for Summary Judgment (Doc. # 77); (4) Plaintiff John W. Ferron's Motion to Strike Paragraphs 4, 5 and 6 from the Affidavit of Adam Young, the October 10, 2008 Call Transcript Submitted in Support of Defendant NPS's Motion for Summary Judgment, and all References to These Items

1

Within Defendant's Motion for Summary Judgment ("Plaintiff's Motion to Strike") (Doc. # 70), Defendant NPS's Memorandum in Opposition to Plaintiff's Motion to Strike (Doc. # 79), and the Reply Memorandum in Support of Plaintiff's Motion to Strike (Doc. # 85); and (5) Defendant Dish Network, LLC's Motion for Protective Order and to Stay Discovery Pending Resolution of Dish Network's Motion to Dismiss ("Dish Network's Motion to Stay") (Doc. # 72), Plaintiff's Memorandum in Opposition to Dish Network's Motion to Stay (Doc. # 83), and Dish Network's Reply in Support of its Motion to Stay (Doc. # 86). For the reasons that follow, the Court **GRANTS** Dish Network's Motion to Dismiss, NPS's Motion for Summary Judgment, and 411 Web Directory's Motion for Summary Judgment (together "Defendants' Dispositive Motions"), and the Court **DENIES as MOOT** Plaintiff's Motion to Strike and Dish Network's Motion to Stay.

## I. Background

Plaintiff John W. Ferron is an attorney who lives and practices law in the State of Ohio. He purposely solicits, receives, and saves email advertisements, and then files lawsuits, arguing the email advertisements violate Ohio law, including the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA").

The instant lawsuit concerns emails that advertise the satellite dish products and services of Defendant Dish Network. On September 14, 2009, Plaintiff filed a complaint against 411 Web Directory, NPS, and Dish Network (collectively "Defendants"). Plaintiff alleges that between May 6, 2008, and December 15, 2008, Defendants "knowingly authorized, caused, permitted, and/or ratified the transmittal" of 213 emails to Plaintiff regarding Dish Network products and services that constituted one or more unfair and/or deceptive sales acts and/or

practices in violation of the OCSPA. (Doc. # 33 at ¶¶ 21-233.) Plaintiff further avers that the 213 emails omitted certain terms and conditions to becoming a Dish Network subscriber.

On June 12, 2006, Plaintiff instituted an action titled *Ferron v. Echostar Satellite, LLC*, No. 06-cv-453, in the Southern District of Ohio, Eastern Division, against Echostar, LLC, Dish Network, and 411 Web Directory ("*Echostar* Defendants"). In that action, Plaintiff alleged that the *Echostar* Defendants "knowingly, intentionally, and purposefully transmitted" emails to Plaintiff regarding Dish Network products and services that constituted "one or more unfair and/or deceptive sales acts and/or practices in violation of the [O]CSPA." (Third Amended Complaint at 9-10, *Ferron v. Echostar Satellite, LLC*, No. 06-cv-00453 (S.D. Ohio 2007) (Doc. # 271.) On September 29, 2009, the Honorable Michael H. Watson granted summary judgment in favor of the *Echostar* Defendants. That decision is currently on appeal at the United States Court of Appeals for the Sixth Circuit.

In the instant action, like in *Echostar*, Plaintiff brought suit against Dish Network and businesses that advertise Dish Network products. By Plaintiff's own description, "[t]he complaint . . . in *Echostar* is virtually identical to the Complaint at issue herein." (Doc. # 30 at 6) ("Plaintiff asserted exactly the same kind of [O]CSPA claims over the same Dish Network email advertisements as he does in the case at bar."). In both cases, Plaintiff alleged that he received hundreds of emails (beginning in early 2005 through July or August 2008 in *Echostar* and from May 6, 2008 through December 15, 2008 in the case *sub judice*) that omitted certain terms and conditions relating to the term of commitments, the leasing of satellite equipment, and the need to sign a written subscriber agreement.

## II. Discussion

**A. Defendants' Dispositive Motions**

In Defendants' Dispositive Motions, Defendants first ask this Court to adopt the holding from the decision granting summary judgment in favor of the *Echostar* Defendants, which they contend is correctly decided and dealt with the exact issue before this Court. Second, Defendants request that this Court grant their motions even if this Court were to determine that *Echostar* was not correctly decided based on the doctrine of collateral estoppel. However, because the Court is inclined to adopt the *Echostar* decision, it declines to address the issue of collateral estoppel. In *Echostar*, Judge Watson thoroughly analyzed Ohio law regarding whether deception is a necessary element to maintain a cause of action under the OCSPA and concluded that it was indeed a necessary element:

> Deception is the *sine qua non* of the OCSPA. Given that in Ohio deception is measured from the standpoint of the consumer asserting the OCSPA claim, it logically follows that where the record shows affirmatively that the consumer could not have been deceived, no OCSPA violation has occurred.
> . . .
> Ferron, a practicing attorney, does not allege that he was deceived; rather, he argues it makes no legal difference that he was not. Indeed, Ferron acted purposely to receive the email advertisements he challenges so that he could file this lawsuit. Under [Ohio case law], Ferron cannot succeed on his OCSPA claims. Accordingly, defendants are entitled to summary judgment in their favor as a matter of law on Ferron's OCSPA claims.

(Opinion and Order at 16-17, *Ferron v. Echostar Satellite, LLC*, No. 06-cv-00453 (S.D. Ohio 2007) (Doc. # 361.) This Court finds the *Echostar* decision well reasoned and correct and hereby adopts it in its entirety and incorporates it herein.

In the case at bar, like in *Echostar*, Plaintiff does not allege that he was actually deceived by the emails at issue, stating in each of his memoranda in opposition to Defendants' Dispositive Motions: "In the instant case, Plaintiff does not allege that he was *actually deceived* by any act

or practice explicitly listed in O.R.C. §1345.02(B) [the OCSPA]." (Doc. # 52 at 16, # 73 at 29, and # 77 at 25) (emphasis in originals). Consequently, for the same reasons explained in *Echostar* and adopted herein, the Court concludes that Plaintiff cannot succeed on his OCSPA claims and that Defendants are, therefore, entitled to judgment as a matter of law.

**B. Plaintiff's Motion to Strike**

In Plaintiff's Motion to Strike, Plaintiff asks this Court to strike certain portions of an affidavit and an exhibit attached to the affidavit that was filed by NPS in support of its motion for summary judgment. (Docs. # 61-2, 61-3.) The Court, however, found it unnecessary to rely on that affidavit or exhibit in any way nor would reliance upon it have changed the Court's decision in any way. Therefore, the Court finds that Plaintiff's request has been rendered moot.

**C. Dish Network's Motion to Stay**

In Dish Network's Motion to Stay it requests a stay of discovery in this action pending resolution of its motion to dismiss. That motion has today been resolved, thereby rendering Dish Network's request moot.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Dish Network's Motion to Dismiss (Doc. # 38), **GRANTS** NPS's Motion for Summary Judgment (Doc. # 61), **GRANTS** 411 Web Directory's Motion for Summary Judgment (Doc. # 69), **DENIES as MOOT** Plaintiff's Motion to Strike (Doc. # 70), and **DENIES as MOOT** Dish Network's Motion to Stay (Doc. # 72). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff on all Plaintiff's claims in accordance with this Opinion and Order. Still awaiting resolution in this

action is Plaintiff's Motion to Dismiss Counterclaim of Defendant NPS.  (Doc. # 50.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**