UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

      Plaintiff,

  v.

411 WEB DIRECTORY, et al.,

      Defendants.

Case No.: 2:09-cv-153
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaims of National Programming Service, LLC ("NPS") (Doc. # 50), NPS's Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaims of NPS (Doc. # 56), Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Dismiss Counterclaims of NPS (Doc. #59), Plaintiff's Motion for Summary Judgment on NPS's Counterclaims (Doc. # 93), NPS's Motion to Dismiss Counterclaims Without Prejudice (Doc. # 97), Plaintiff's Memorandum in Opposition to NPS's Motion to Dismiss Counterclaims Without Prejudice (Doc. # 99), and NPS's Reply Memorandum in Support of Motion to Dismiss Counterclaims Without Prejudice (Doc. # 102). For the reasons that follow, the Court **GRANTS** NPS's Motion to Dismiss Counterclaims Without Prejudice, **DENIES as MOOT** Plaintiff's Motion to Dismiss Counterclaims of NPS, and **DENIES as MOOT** Plaintiff's Motion for Summary Judgment on NPS's Counterclaims.

### I.  Background

On May 4, 2010, this Court granted all three of the defendants' dispositive motions (Doc. # 91):  Defendant Dish Network's Motion to Dismiss (Doc. # 38), Defendant NPS's Motion for

1

Summary Judgment (Doc. # 61), and Defendant 411 Web Directory's Motion for Summary Judgment (Doc. # 69). In that Opinion and Order, the Court determined that the issue before it was identical to the issue that Judge Watson had ruled upon in *Ferron v. Echostar Satellite, LLC*, No. 06-cv-00453 (S.D. Ohio 2007). In *Echostar*, Judge Watson determined that Plaintiff John W. Ferron could not succeed on his claim filed pursuant to the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA"). This Court adopted the *Echostar* opinion and order in its entirety, granted Defendants' dispositive motions, and entered judgment in favor of Defendants.

At the time this Court entered judgement, still pending were Defendant NPS's counterclaims for abuse of process and to have Plaintiff declared a vexatious litigator. Plaintiff had also filed Plaintiff's Motion to Dismiss Counterclaims of NPS, which was fully at issue. (Docs. # 50, 56, 59.)

On May 4, 2010, after judgment was entered in favor of Defendants on Plaintiff's claims against them, Plaintiff filed Plaintiff's Motion for Summary Judgment on NPS's Counterclaims. (Doc. # 93.) NPS has not responded to that motion.

On May 28, 2010, NPS filed NPS's Motion to Dismiss Counterclaims Without Prejudice. (Doc. # 97.) That motion is fully at issue. (Docs. # 99, 102.)

## II. Standard

The Federal Rules of Civil Procedure provide that an action may not be dismissed once an answer has been filed or once the party against whom the claim was filed has moved for summary judgment, except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). That dismissal is without prejudice unless

2

otherwise stated.  *See id.*

> The Sixth Circuit instructs:
>
>> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990).  Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  With regard to plain legal prejudice, the court explained:

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Kovalic*, 855 F.2d at 474 (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

*Id.*  This Court does not need to resolve every factor in NPS's favor to find that dismissal without prejudice is warranted.  *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).  The factors are more of a guide and discretion ultimately rests with the trial court.  *See id.*

### III.  Analysis

**A.  NPS's Motion to Dismiss Counterclaims Without Prejudice**

Plaintiff argues that he will suffer plain legal prejudice if the Court grants NPS's Motion to Dismiss Counterclaims Without Prejudice.  Plaintiff requests, however, that if the Court grants NPS's motion, that it also reimburse Plaintiff for his attorney's fees and costs associated with

responding to NPS's counterclaim.

### 1. Plaintiff will not suffer plain legal prejudice.

Plaintiff argues that he will suffer plain legal prejudice because:

> First, Plaintiff has incurred approximately $8,700.00 in attorney's fees and costs defending against NPS's groundless Counterclaim by preparing and filing a Motion to Dismiss, conducting discovery related to NPS's Counterclaim, and preparing and filing a Motion for Summary Judgment. (Wafer Aff. ¶8) Second, NPS showed a complete lack of diligence in prosecuting its Counterclaim. Indeed, other than filing its Counterclaim, NPS did not conduct any discovery or otherwise undertake any effort to prosecute the Counterclaim. (Wafer Aff. ¶9)  Third, NPS has not offered a sufficient reason for the need to dismiss its claim without prejudice at this late date, asserting only that it is doing so to "simplify this litigation" and "avoid attorney's fees."  And, fourth, Plaintiff has filed not only a Motion for Summary Judgment, but also a Motion to Dismiss.  The Court's order granting either of these Motions will be dispositive as to NPS's Counterclaim.

(Doc. # 99 at 4-5.)  Plaintiff's arguments are not well taken.

First, the Court recognizes that Plaintiff has naturally invested time and effort in litigating this action.  Courts have held that such expenditures may prove insufficient to defeat a Rule 41(a) motion.  *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (N.D. Ohio 1985) (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D. N.Y. 1981)).  Here, Plaintiff has not expended an unreasonable amount of effort and expense in this action, as discussed in more detail below.

Moreover, the Court does not find that NPS's claims are groundless.  This Court is well aware of the numerous cases filed under the OCSPA by Plaintiff, a licensed Ohio attorney.  *See, e.g., Ferron v. VC E-Commerce Solutions, Inc.*, No. 2:06-CV-322 (S.D. Ohio May 1, 2006); *Ferron v. Search Cactus, LLC*, No. 2:06-CV-327 (S.D. Ohio May 3, 2006); *Ferron v. Zoomego Inc.*, No. 06 CV 7542 (Franklin Cty. June 6, 2006); *Ferron v. Echostar Satellite, LLC*, No.

2:06-CV-453 (S.D. Ohio June 12, 2006); *Ferron v. Fifth Third Bank*, No. 07 CV 9183 (Franklin Cty. July 12, 2007); *Ferron v. DIRECTV, Inc.*, No. 07 CV 12358 (Franklin Cty. Sept. 13, 2007); *Ferron v. E360Insight, LLC*, No. 07 CV 12774 (Franklin Cty. Sept. 21, 2007); *Ferron v. Subscriberbase Holdings, Inc.*, No. 08 CV 9532 (Franklin Cty. July 2, 2008); *Ferron v. Zoomego Inc.*, No. 08 CV 009533 (Franklin Cty. July 2, 2008); *Ferron v. GVN Michigan Inc.*, No. 08 CV 10563 (Franklin Cty. July 23, 2008); *Ferron v. I-Dish Com LLC*, No. 08 CV 12739 (Franklin Cty. Sept. 5, 2008); *Ferron v. DirectStar TV LLC*, No. 08 CV 16546 (Franklin Cty. Nov. 18, 2008).  The Court is also aware of the numerous courts that have found Plaintiff's continued filing of actions under the OCSPA distasteful, to say the least.  *See e.g., Burge v. Supervalu Holdings, Inc.*, No. C-60194, 2007 WL 865483, at *5 (Ohio Ct. App. 1st Dist. Mar. 23 2007) ("We are offended by the contrived nature of this frivolous action, which has wasted much time, paper, and other resources to the prejudice of legitimate disputes between parties, especially those involving the consumer-protection laws of Ohio.")  It takes no stretch of the imagination to envision abuse of process and vexatious litigation claims to be successfully prosecuted against Plaintiff.

Second, NPS has not shown a lack of diligence in prosecuting its counterclaims.  Simply because NPS sought little discovery does not indicate a lack of diligence.  NPS sought very little discovery from Plaintiff in the instant action, conducting no depositions at all, and was successful in demonstrating via dispositive motions that Plaintiff's claims lacked merit.  Additionally, the nature of the claims–abuse of process and vexatious litigation–can be evaluated in large part by viewing Plaintiff's pleadings and public record of the cases filed by Plaintiff.

Third, the Court finds that in the present circumstances NPS has offered sufficient reason

for the request to dismiss its counterclaims, *i.e.*, preserving resources of both the parties and the Court.  Judicial resources are certainly an important issue to the Court.  NPS explained that, while it believes that its counterclaims have merit and also provide for the potential recovery of attorney's fees, the OCSPA provides an avenue to recover of fees.  There is currently an oral hearing on attorney's fees scheduled for August 5, 2010 before this Court.

Fourth, Plaintiff's argument that he has spent a significant amount of time drafting and filing a motion to dismiss *and* a motion for summary judgment is simply disingenuous.  Plaintiff's motion for summary judgment is literally cut and pasted in its entirety from Plaintiff's motion to dismiss.  The only difference is that Plaintiff replaces the standard for the motion to dismiss with one for summary judgment and changes a couple of the headings.  Indeed, the filing of the motion for summary judgment just hours after this Court entered judgment in NPS's favor was likely a strategic move on Plaintiff's part to prevent a potential motion to dismiss under Rule 41(a) by NPS and perhaps to bolster Plaintiff's anticipated request for attorney's fees.

Finally, the instant circumstances are not of the type that courts consider as constituting legal prejudice.  As the Sixth Circuit explains:

> Courts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense.  As we noted in *Grover*, "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719. *See also Phillips v. Illinois C. G. Railroad*, 874 F.2d 984, 987 (5th Cir. 1989) (holding that dismissal would result in clear legal prejudice because in second suit defendant "would be stripped of an absolute defense."); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose.").

*Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. 2007).  In the instant action, Plaintiff will not be stripped of any absolute defense, has not secured any dispositive

ruling it his favor from this Court, nor does the law clearly dictate a result in his favor.

Moreover, the Court reminds Plaintiff that two years ago, in *Ferron v. Search Cactus*, No. 2:06-CV-00327, this Court granted his Motion to Dismiss Without Prejudice under Rule 41(a)(2) in circumstances much less favorable to a dismissal than those currently before the Court. In that case, Plaintiff did not move for a Rule 41(a)(2) dismissal until two years after the case had been filed, 262 entries had been made on the docket, and "following a conference in which the Court indicated certain inclinations that were adverse to Plaintiff." (*Search Cactus*, No. 06-cv-327; Doc. # 263 at 4.) In that Opinion and Order the Court opined:

> Although Defendants have incurred expense and have devoted considerable time to this litigation, these expenditures would inform the proceedings in a subsequent case. There may be inconvenience here, but there is not legal prejudice.

*Id.* at 5. This Court's reasoning applies with equal force to the circumstances currently before it.

Based upon the foregoing, the Court concludes that Plaintiff will not suffer plain legal prejudice by the dismissal of NPS's counterclaims filed against him.

**2. An award of attorney's fees is not warranted.**

The Court again directs Plaintiff's attention to the Court's decision granting his request for a Rule 41(a)(2) dismissal in *Ferron v. Search Cactus*. Defendants in that case also alternatively requested attorney's fees, which this Court denied. (*See Search Cactus*, No. 06-cv-327; Doc. # 263.)

The Sixth Circuit "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (citing *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992)). Factors in support of not awarding

7

fees include whether a plaintiff acted in good faith in bringing the suit, *Blackburn v. City of Columbus*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) and whether the costs were wasted, *Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370, 2000 WL 33244507, at *3 (S.D. Ohio Dec. 5, 2000) (attorneys' fees not required because there were no wasted costs).

In the case *sub judice*, there is no indication that NPS's suit was not a bona fide effort to seek redress for the alleged wrongs it perceived it suffered at Plaintiff's hands. There is nothing in the record to indicate that NPS filed its counterclaims to harass, embarrass, or abuse Plaintiff. Nor is there evidence to suggest that NPS deliberately sought to increase Plaintiff's costs by extending the litigation.

In addition, Plaintiff could use the evidence obtained during this discovery in a subsequent action to avoid wasting costs. *See Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992) (unpublished table decision) (crediting rule that "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims").

Like its conclusion in *Search Cactus* in favor of Plaintiff, the Court here, having considered the foregoing, determines that the American Rule on attorneys' fees, which "refuses to economically penalize in this fashion the litigant who in good faith files [claims against a party]," justifiably applies to the case at bar. *Blackburn*, 60 F.R.D. at 198. Accordingly, the Court concludes that imposing an award of attorneys' fees and costs is not warranted here.

**B. Plaintiff's Motion to Dismiss and Motion for Summary Judgment**

The Court's decision to grant NPS's Motion to Dismiss Counterclaims Without Prejudice

renders moot Plaintiff's Motion to Dismiss Counterclaims of NPS and Plaintiff's Motion for Summary Judgment on NPS's Counterclaims.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** NPS's Motion to Dismiss Counterclaims Without Prejudice (Doc. # 97), **DENIES as MOOT** Plaintiff's Motion to Dismiss Counterclaims of NPS (Doc. # 50), and **DENIES as MOOT** Plaintiff's Motion for Summary Judgment on NPS's Counterclaims (Doc. # 93).  The Clerk is **DIRECTED to ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**