**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. FERRON**

          **Plaintiff,**                   **CASE NO. 2:09-cv-153**
                                            **JUDGE GREGORY L. FROST**
   **v.**                                 **Magistrate Judge Terence P. Kemp**

**411 WEB DIRECTORY, et al.,**

          **Defendants.**

**OPINION & ORDER**

This matter is before the Court on the following:

1.  Defendant Dish Network's motion for attorneys' fees (ECF No. 95), Plaintiff's

memorandum in opposition (ECF No. 100), Dish Network's reply memorandum (ECF No. 104),

Dish Network's notices of supplemental authority (ECF Nos. 105, 124, 125, 131);

2.  Defendant National Programming Service, LLC's ("NPS") motion for attorneys' fees

(ECF No. 101), Plaintiff's memorandum in opposition (ECF Nos. 111, 112), and NPS's reply

memorandum (ECF No. 114);

3.  Defendant 411 Web Directory's motion for attorneys' fees (ECF No. 128); and

4.  Plaintiff's motion to strike evidentiary materials improperly filed (ECF No. 121),

Defendant Dish Network's memorandum in opposition (ECF No. 122); and Plaintiff's reply

memorandum (ECF No. 123).

For the reasons that follow, the Court **DENIES** Defendants' motions and **DENIES as**

**MOOT** Plaintiff's motion.

## I. Background

On May 4, 2010, this Court granted all three of the defendants' dispositive motions (ECF No. 91): Defendant Dish Network's Motion to Dismiss (ECF No. 38), Defendant NPS's Motion for Summary Judgment (ECF No. 61), and Defendant 411 Web Directory's Motion for Summary Judgment (ECF No. 69).  In that Opinion and Order, the Court determined that the issue before it was identical to the issue that the Honorable Michael H. Watson had ruled upon in *Ferron v. Echostar Satellite, LLC*, 727 F. Supp. 2d 647 (S.D. Ohio 2007).  In *Echostar*, Judge Watson determined that Plaintiff  could not succeed on his claim filed pursuant to the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA").  This Court adopted the *Echostar* Opinion in its entirety, granted Defendants' dispositive motions, and entered judgment in favor of Defendants.  Since that time, the Sixth Circuit affirmed *Echostar.  See Ferron v. Echostar*, No. 09-4407, 2010 U.S. App. LEXIS 26403 (6th Cir. Dec. 28, 2010).

Defendants in three separate motions have moved for attorneys' fees.  This Court held an oral hearing on this issue on August 5, 2010, and all briefing is complete.  Plaintiff has moved to have stricken certain documents that are attached as evidence to support one of the motions for attorneys' fees.  These are the only issues remaining for resolution in this action.

## II. Defendants' Motions for Attorneys' Fees

Defendants move for attorneys' fees under Ohio Revised Code § 1345.01, which provides in relevant part:

> (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
>
>    (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;

Ohio Rev. Code § 1345.01(F)(1).  The Court, therefore, must determine whether the instant action was groundless and maintained in bad faith.

After Judge Watson was affirmed by the Sixth Circuit on his merits decision in *Echostar*, he addressed the prevailing defendants' motions for attorneys' fees under Ohio Revised Code § 1345.01(F)(1).  *See Ferron v. Echostar*, No. 2:06-cv-453 (March 21, 2011).  Judge Watson determined that the case was not groundless or maintained in bad faith.  This Court finds his analysis persuasive and his decision correct:

> This case required the Court to interpret the scope of the OCSPA.  The central issue was whether Plaintiff, a lawyer, could maintain an action based on allegedly deceptive emails when the facts showed he could not have been deceived by them.  The Ohio Supreme Court had never addressed the issue.  *See Ferron*, 727 F. Supp. 2d at 655.  There was ostensibly a split of authority in the Ohio appellate courts.  *Compare Chestnut v. Progressive Cas. Ins. Co.*, 166 Ohio App. 3d 299 (8 Dist. 2006) *and Crull v. Maple Park Body Shop*, 36 Ohio App. 3d 153 (12 Dist. 2006) with *Zindle v. Hawks*, No. 13016, 1987 WL 16660, at *3 (Ohio App. 9 Dist. Sept. 2, 1987).  While this Court ultimately found *Chestnut* and *Crull* more persuasive, in light of *Zindle* it cannot fairly be said that Plaintiff's lawsuit was completely unsupported or frivolous.  Given that the Ohio Supreme Court had not ruled on the issue, and the split in appellate authority, the Court cannot say that the instant lawsuit was groundless or maintained in bad faith.

*Id.* at 2.

For these same reasons, this Court cannot say that the case *sub judice* was groundless or maintained in bad faith.  Thus, Defendants' motions for attorneys' fees are not well taken.

### III.  Plaintiff's Motion to Strike

Plaintiff requests that the Court strike certain evidentiary materials submitted by one of the defendants in support of its motion for attorneys' fees.  Because the Court denied that defendant's motion for attorneys' fees without need to rely upon the evidence at issue, Plaintiff's request has been rendered moot.

**IV.  Conclusion**

For the reasons set forth above, the Court **DENIES** Defendant Dish Network's motion for attorneys' fees (ECF No. 95), **DENIES** Defendant NPS' motion for attorneys' fees (ECF No. 101), **DENIES** Defendant 411 Web Directory's motion for attorneys' fees (ECF No. 128), and **DENIES as MOOT** Plaintiff's motion to strike evidentiary materials improperly filed (ECF No. 121).  The Clerk is **DIRECTED** to remove this case from this Court's docket.

    **IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

4